UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAR NORTHWEST DEVELOPMENT CO., LLC, and FARAMARZ GHODDOUSSI, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY ASSOCIATION OF UNDERWRITERS OF AMERICA, INC., *et al.*, <br><br> Defendants. | CASE NO.  C05-2134RSM <br><br> MEMORANDUM ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**I.  INTRODUCTION**

This matter comes before the Court on plaintiff Faramarz Ghoddoussi's Motion for Partial Summary Judgment (Dkt. #20), and defendants Westport Insurance Corporation's ("Westport") and Community Association Underwriters' ("CAU") Cross-Motion for Summary Judgment regarding the issue of whether the owned property exclusion contained in the policy in question bars coverage for constructive defect claims in an action currently proceeding in state court.  (Dkts. #25 and #26).[1]  Plaintiff argues that the exclusion does not apply to him because

---

[1] Defendants filed two separate copies of their response and cross-motion with this Court – one is titled on the docket as Response (Dkt. #25) and one is titled on the docket as Motion. (Dkt. #26). The documents attached to each docket entry appear to be identical. Accordingly, for ease of reference, the

ORDER
PAGE - 1

he never owned any of the common elements or any of the condominium units during the policy period, the separation of insureds provision operates to remove him from the reach of the exclusion, the named insured does not own or occupy any of the common elements or condominium units, the condominium association does not own or occupy any of the common elements, and defendants' interpretation of the exclusion is against public policy.

Defendants argue that the condominium association is the actual named insured, the exclusion operates to exclude coverage for property the name insured owns, rents or occupies, and that the condominium association owns and occupies the common elements for purposes of the policy. (Dkt. #25). Therefore, defendants assert that the owned property exclusion precludes coverage for plaintiff in the underlying action. Defendants further argue that the exclusion does not disappear through application of the severability clause as asserted by plaintiff. Finally, defendants argue that the exclusion does not violate public policy.

For the reasons set forth below, the Court disagrees with defendants and GRANTS plaintiff's motion for partial summary judgment.

## II. DISCUSSION.

### A. Background

This action arises from a construction defect lawsuit currently proceeding in King County Superior Court. Defendant Far Northwest Development, LLC ("Far Northwest") was the developer of a new construction condominium project known as the Somerset Village Townhomes Condominium, a 14-unit condominium located in Bellevue, WA. Co-plaintiff Faramarz Ghoddoussi was the managing member of Far Northwest, and served as an officer and director of the Somerset Village Townhomes Homeowners' Association ("Association") from the date of formation on April 13, 2001, until January 30, 2002. Construction was completed in

---

Court will cite only to the document found at Dkt. #25, with the understanding that the same citation correlates to the same page of the document found at Dkt. #26.

early 2001. The first unit was sold on May 2, 2001, and the balance of the units were sold between May 25, 2001 and July 15, 2002. All of the units were sold by defendant Far Northwest.

In April 2001, defendant Westport issued a package insurance policy to "Somerset Village Townhomes Condominium," with a policy period of April 20, 2001 through April 20, 2002. The policy contained property coverage and general liability insurance coverage. The general liability coverage is at issue on this motion. The general liability coverage portion of the policy included coverage for directors and executive officers, but only with respect to their duties as such. The parties agree that plaintiff Ghoddoussi is an insured under the policy. The policy also contains an owned property exclusion which is further discussed below.

On July 29, 2005, the Association filed a First Amended Complaint in King County Superior Court, alleging, *inter alia*, that Mr. Ghoddoussi breached his fiduciary duties by failing to maintain the common elements of the Somerset Village Townhomes Condominium during the time that he acted as a director and officer of the Association. The Amended Complaint also alleges physical damage to the condominium and its common elements.

After the lawsuit was filed, Mr. Ghoddoussi tendered claims for defense and indemnity in the underlying lawsuit to defendant Westport. Westport denied the tender, asserting that the owned property exclusion barred coverage for the Association's claims against Mr. Ghoddoussi.

Plaintiffs then brought the instant action seeking a declaratory judgment regarding the obligations of the insurers to contribute to the defense and indemnity obligations in the underlying action. These cross-motions for summary judgment followed.

**B. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

ORDER
PAGE - 3

matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

Here, the parties agree that there are no genuine issues of material fact, and this matter should be resolved on these cross-motions for summary judgment.

**C. Applicable Law**

The instant case was brought in this Court based on diversity of the parties. (Dkt. #1). Accordingly, the issues presented are governed by Washington State law. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *Insurance Co. N. Am. v. Federal Express*

*Corp.*, 189 F.3d 914, 919 (9th Cir. 1999) (explaining that in an ordinary diversity case, federal courts apply the substantive law of the forum in which the court is located).

In Washington, interpretation of an insurance contract is a matter of law, which requires the Court to consider the contract in its entirety and to give effect to each policy provision. *Allstate Ins. Co. v. Peasley*, 131 Wn.2d 420, 423-24 (1997); *PUD No. 1 of Klickitat County v. International Ins. Co.*, 124 Wn.2d 789, 881 (1994). In addition, insurance contracts are interpreted using ordinary contract interpretation principles. Generally, insurance contracts are interpreted in the manner understood by the average purchaser of the policy. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 877 (1990); *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480 (1984). Thus, terms contained in insurance policy are given their plain, ordinary, and popular meanings.

A policy is ambiguous only if its provisions are susceptible to two different interpretations, both of which are reasonable. *Allstate Ins.*, 131 Wn.2d at 424; *McDonald Industries v. Rollins Leasing Corp.*, 95 Wash 2d 909, 913 (1981). In determining whether an ambiguity exists, the Court views the language the way it would be read by the average insurance purchaser, and will give any undefined terms their ordinary meanings, not technical, legal meanings. *Allstate Ins.*, 131 Wn.2d at 424. Ambiguous provisions are generally construed against the insurer; however, "[a]n ambiguity will not be read into a contract where it can be reasonably avoided by reading the contract as a whole." *Universal/Land Const. Co. v. City of Spokane*, 49 Wn. App. 634, 637 (1987).

If the plain language of the policy does not provide coverage, courts will not rewrite the policy to do so. *Grange Ins. Co. v. Brosseau*, 113 Wn.2d 91, 100 (1989). Further, exclusions in a policy are to be construed against the insurer. *West Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 4 Wn. App. 221 (1971). However, courts will consider exclusions in insurance policies in light of the purpose for which they are inserted. *See Olds-Olympic, Inc. v. Commercial*

ORDER
PAGE - 5

*Union Ins. Co.*, 129 Wn.2d 464, 478-79 (1996).

### D. Owned Property Exclusion

In order for plaintiff to prevail on summary judgment, he must first establish that the loss falls within the scope of the policy's insured losses. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 731 (1992). In the instant action, none of the parties dispute that the loss falls within the insuring terms. Nor do they dispute that plaintiff is an insured under the policy. Thus, to avoid liability, defendants must demonstrate that the loss is excluded by specific language in the policy. Here, the parties dispute the "owned property" exclusion.

The owned property exclusion at issue states that liability coverage does not apply to "'[p]roperty damage' to . . . [p]roperty you own, rent or occupy." (Dkt. #20, Attachment 4, Ex. B at FAR NW 84). Thus, the Court must determine who "you" refers to in the policy, and whether that person or entity owned, rented or occupied the property allegedly damaged. The Court first turns to the term "you".

As explicitly stated in the policy, the term "you" refers to the Named Insured. (Dkt. #20, Attachment 4, Ex. B at FAR NW 57). Interestingly, the Declarations attached at plaintiff's Exhibit B show the Named Insured as Somerset Village Townhomes Condominium Owners Association. (Dkt. #20, Attachment 4, Ex. B at FAR NW 48). The Declarations attached at plaintiff's Exhibit C show the Named Insured as Somerset Village Townhomes Condominium. (Dkt. #20, Attachment 4, Ex. C at FAR NW 138). Plaintiff argues that the named insured is the Somerset Village Townhomes Condominium, a building. As such, plaintiff asserts that the Named Insured cannot own any property for purposes of the policy because it is not a legal entity capable of owning anything.

Defendants respond that the true Named Insured is the Association, and that the Association, while not holding legal title to the common elements of the condominium, owns the common elements for insurance purposes because it has the right to acquire, hold, encumber,

ORDER
PAGE - 6

and convey those elements and grant easements, leases, licenses, and concessions through or over the common elements. Similarly, defendants argue that the Association occupies the common elements for insurance purposes because it is fully charged with maintenance and repair obligations for those elements. The Court agrees in part and disagrees in part with defendants.

First, the Court agrees that the Named Insured is the Association rather than the condominium building. Plaintiff Ghoddoussi himself has submitted evidence of this intention, as noted above, by providing Declaration pages that show Somerset Village Townhomes Condominium Owners Association as the Named Insured. (Dkt. #20, Attachment 4, Ex. B at FAR NW 48). Moreover, if this Court was to determine that the Association was not the Named Insured, then plaintiff Ghoddoussi would not be an insured himself. Indeed, Mr. Ghoddoussi's only claim to insured status is based on his position as officer and director of the Named Insured. The condominium, as a piece of real property, has no officers and directors. Instead, it is the Association that has officers and directors. Furthermore, the insurance application specifically asks for the Association's Name. (Dkt. #30, Ex. A). That name was given as Somerset Village Townhomes Condominium, and that is how the Declaration was prepared; however, it is clear that the intent of the parties was to provide coverage to the Association. Thus, the Court finds that the Association is the Named Insured in the policy.

The Court next turns to whether the Association owned, rented or occupied the allegedly damaged property. Neither "own" nor "occupy" is defined in the policy.[2] Therefore, the Court looks for guidance from the dictionary definitions of those words. The dictionary defines the verb "own" as "to have or to hold property: POSSESS." Merriam-Webster OnLine, http://www.m-w.com/dictionary/own (last visited Oct. 27, 2006). "Occupy" is defined as "to reside in as an owner or tenant. *Id.* at http://www.m-w.com/dictionary/occupy (last visited Oct. 27, 2006). Washington courts have determined that the term "'own' includes an undivided

---

[2] The term "rent" is not at issue on these motions.

interest in property that entitles one to sell or otherwise dispose of that property as one chooses." *State Farm Fire & Cas. Co. v. English Cove Assoc., Inc.*, 121 Wn. App. 358, 365 (2004). The court finds that these definitions, considered in the context of the insurance policy, and the Washington statutes governing condominiums, supports the conclusion that the Association does not own or occupy the common elements of the condominium.

The Revised Code of Washington makes clear that the common elements are owned solely by the unit owners. RCW 64.34.020 (9) (defining the term condominium and stating that "[r]eal property is not a condominium unless the undivided interests in the common elements are vested in the unit owners"). Similarly, in the section enumerating the powers of an owners association, ownership is not among them. *See* 64.34.304. Indeed, RCW 64.34.304 references a single, limited situation where an owners association may convey common elements, stating that an owners association may "[a]cquire, hold, encumber, and convey in its own name any right, title, or interest to real or personal property, *but common elements may be conveyed or subjected to a security interest only pursuant to RCW 64.34.348.*" RCW 64.34.304(h) (emphasis added). Likewise, the Somerset Village Declaration makes clear that the owners association does not own the common elements. In Article 10, the Declaration incorporates the provisions of RCW 64.34.304. (Dkt. #20, Attachment 4, Ex. A at 15).

When faced with similar statutes, courts in other jurisdictions have also determined that condominium associations are not owners of the common elements. For example, in *Jensen-Re Partnership v. Superior Shores Lakehome Association*, 681 N.W.2d 42 (Minn. 2004), the court, construing the term "own" in the context of a statute of limitations, noted that each condominium owner held an undivided interest in the common elements, and therefore, "an association created to manage and maintain the condominium complex is not an 'owner' of the common elements of the complex." *Jensen-Re*, 681 N.W.2d at 45; *see also Reibel v. Rolling Green Condominium Assoc.*, 311 So.2d 156, 158 (Fla. 1975) (holding that condominium

PAGE - 8

1  associations have no standing as real parties in interest to bring a suit to quiet title to the
2  common elements of a condominium complex).

3  Defendants point the Court to *English Cove*, *supra*, asserting that it is instructive on this
4  question. The Court finds defendants' reliance on *English Cove* misplaced. *English Cove* does
5  not discuss condominium associations and their ownership of common elements at all. Indeed,
6  the *English Cove* court simply determined that the owner of a condominium unit, in that case a
7  developer owning 43 of the 160 units, holds an undivided ownership in the common elements.
8  *English Cove*, 121 Wn. App. at 366. While the court highlighted certain incidents of ownership
9  of property and acknowledged that ownership does not require the right to exclusive possession
10 of the property, this Court is not persuaded that a condominium association is the owner of the
11 common elements simply because it is responsible for maintenance and repair of those elements,
12 or because it may have the limited ability to convey the common elements. Accordingly, the
13 Court agrees with plaintiff Ghoddoussi that the Association did not own or occupy the common
14 elements of the condominium, and, therefore, coverage cannot be precluded on that basis.

15 Because the Court has found in favor of the plaintiff, and because defendants have
16 argued that the policy's severability clause does not change the meaning of the exclusion, it is
17 not necessary for the Court to address plaintiff's severability argument. Nor is it necessary to
18 address plaintiff's argument that defendants' interpretation of the owned property exception is
19 against public policy.

### III. CONCLUSION

21 Having reviewed the parties' cross-motions for partial summary judgment (Dkts. #20
22 and #26), the parties' responses and replies (Dkts. #25, #27, #28 and #29), the declarations and
23 exhibits in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

24 (1) Defendants' Motion for Summary Judgment (Dkt. #26) is DENIED.

25 (2) Plaintiff's Motion for Partial Summary Judgment (Dkt. #20) is GRANTED. For the

ORDER
PAGE - 9

reasons set forth above, the Court finds that the owned property exclusion contained in the liability insurance policy issued by defendant Westport does not bar coverage for the claims asserted against Mr. Ghoddoussi in his capacity as manager and director of the Association in the underlying state construction defect action.

(3) The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

DATED this 30 day of October, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE