UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAR NORTHWEST DEVELOPMENT CO., LLC, and FARAMARZ GHODDOUSSI,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY ASSOCIATION OF UNDERWRITERS OF AMERICA, INC., *et al.*,<br><br>Defendants. | CASE NO. C05-2134RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendants' Motion for Reconsideration. (Dkt. #39). Defendants ask this Court to reconsider its previous Order granting plaintiff Faramarz Ghoddoussi's motion for summary judgment and denying defendants' cross-motion for summary judgment, in which the Court determined that the owned property exclusion contained in the liability insurance policy issued by defendant Westport does not bar coverage for the claims asserted against Mr. Ghoddoussi in his capacity as manager and director of the Association in the underlying state construction defect action. (*See* Dkt. #38).

Having reviewed defendants' motion, and the remainder of the record, this Court hereby finds and ORDERS:

(1) Defendants' Motion for Reconsideration (Dkt. #39) is DENIED. By local rule, motions for reconsideration are disfavored, and the Court will ordinarily deny such a motion in the

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 1

absence of "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h).  In their motion for reconsideration, defendants essentially reiterate the same legal argument previously presented to this Court.  In making its previous decision, the Court fully considered those arguments.  The Court then determined that a condominium association is not the owner or occupant of the common elements simply because it is responsible for maintenance and repair of those elements, or because it may have the limited ability to convey the common elements.  (Dkt. #38 at 9).

In addition to repeating their arguments based upon their reading of *State Farm Fire & Cas. Co. v. English Cove Assoc., Inc.*, 121 Wn. App. 358, 365 (2004), defendants now argue that the recent Washington state cases *Sorenson v. Pyeatt*, 2006 WL 3233834 (Nov. 9 2006) and *Gildon v. Simon Property Group, Inc.*, 2006 WL 3030307 (Oct. 2006), are instructive as to how this Court should have defined the words owned and occupied.  The Court disagrees.  Defendants themselves note that neither of these cases are controlling, and the Court is not persuaded that it wrongly defined those terms.  Indeed, in its previous Order, the Court acknowledged the holding of *English Cove*, but found it unpersuasive.  It appears that both *Sorenson* and *Gildon* discuss similar principles of ownership.  However, for the same reasons discussed in its previous Order, the Court remains unpersuaded.

Finally, for reasons that are not clear, defendants spend a page and a half of their brief asserting that the Court misconstrued the status of this case because it stated in the fact section of its Order that none of the parties disputed that the loss falls within the insuring terms.  Defendants insist on clarifying that there was no dispute solely for the purpose of summary judgment.  The Court believes it clearly understood that position.  The Court did not dismiss the case, nor did the Court purport to make any findings on any issue other than the limited legal question of whether the owned property exclusion precluded coverage for plaintiff Ghoddoussi.  In their Response and Cross-Motion, defendants stated "[t]he parties agree that the facts of this matter as set forth in

plaintiff's Declarations and documents are undisputed and that the issues presented may be decided as a matter of law." (Dkt. #25 at 1).  The Court's Order merely sought to reflect that consensus.

Accordingly, the Court declines to reconsider its previous Order.

(2)  The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 21 day of November, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 3